United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER WILEY, et al., | Case No.15-cv-05584-JST |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |
| CALIBER HOME LOANS, INC., et al., | Re: ECF No. 47 |
| Defendants. | |

Before the Court is Defendant Caliber Home Loans, Inc.'s Motion for Judgment on the Pleadings. ECF No. 47. For the reasons set forth below, the Motion for Judgment on the Pleadings is denied.

## I. BACKGROUND

### A. Factual Background

In 1989, Plaintiffs Peter Wiley and Calliope Ladas purchased the property at 17797 Sonoma Highway, Sonoma, California, 95476 ("the Property").[1] ECF No 1-1 ("Compl.") at ¶ 18. In 2004, Plaintiffs took out a $280,000 loan on the Property. ECF No. 48-1 at 2. For an unspecified period of time, Caliber serviced Plaintiffs' loan. Compl. at ¶ 3.

In April 2013, the government used its eminent domain powers to purchase part of the Property in order to widen the adjacent Sonoma Highway. Id. at ¶ 19. As compensation, "governmental authorities deposited $25,000.00" with a title company in the names of Plaintiffs and their then-lender, Defendant JP Morgan Chase & Co. ("Chase"). Id. Half of this money was intended for use building a fence that had been destroyed when the highway was widened, id. at ¶ 24, but "Plaintiffs planned to use the rest of the $25,000 to bring their mortgage loan up to date,"

---

[1] For purposes of this motion, the Court takes as true the factual allegations in Plaintiffs' Complaint.

id. at ¶ 25.  Chase, however, refused to release the funds.  Id.  After Chase transferred the servicing of Plaintiffs' loan to Caliber, Caliber also refused to release the $25,000.  Id. at ¶ 26. Because Plaintiffs were "unable to access the $25,000.00," and due to the effects of the recession, "[they] began to fall into foreclosure."  Id. at ¶ 27.

To avoid foreclosure, Plaintiffs "made vigorous and exhaustive attempts to modify their loan."  Id. at ¶ 27.  During that lengthy process, Defendants failed to provide Plaintiffs with a single point of contact, repeatedly demanded that Plaintiffs provide the same documents they had already produced, and generally "sent inconsistent and conflicting requests and information."  Id. at ¶ 27.  In October 2015, Caliber sent Plaintiffs "an ambiguous denial of a loan modification," which did not mention Plaintiffs' right to appeal.  Id. at ¶ 26(a).  On October 23, 2015, the Property was sold at a trustee's sale.  Id. at ¶ 27.  Plaintiffs never received a Notice of Trustee's Sale because the "foreclosing trustee sent it to the wrong address, causing the Notice of Trustee's Sale to be returned."  Id. at ¶ 26(b).

### B.  Procedural Background

Plaintiffs originally filed this case in state court, and Chase removed it to this Court.  ECF No. 1.  On March 14, 2016, Caliber answered Plaintiffs' complaint.  ECF No. 26.  On March 16, 2016, Plaintiffs substituted Miguel De Sanz for a Doe Defendant.  ECF No. 30.  Sanz moved to dismiss on April 14, 2016, ECF No. 39, and the parties later agreed to dismiss Sanz as a Defendant.  ECF No. 45.  The parties also agreed to dismiss Chase as a Defendant on March 18, 2016.  ECF No. 35.  The final Defendant, MTC Financial, has not filed a response to Plaintiffs' Complaint.  On September 30, 2016, Caliber filed a motion for judgment on the pleadings, accompanied by a request for judicial notice.  ECF Nos. 47-50.  Plaintiffs filed their opposition on November 3, 2016, several weeks after the October 14, 2016 deadline for responses, and the Court does not consider it here.  ECF No. 53.

### II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The analysis for Rule 12(c) motions for judgment on the pleadings is "substantially identical to [the] analysis under Rule 12(b)(6) . . . ."

United States District Court
Northern District of California

Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotations omitted).  To evaluate a Rule 12(b)(6) motion to dismiss, the court accepts the material facts alleged in the complaint, together with reasonable inferences to be drawn from those facts, as true.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  A plaintiff must allege facts that are enough to raise her right to relief "above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  A "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."  Fajardo v. Cty. of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999).  "Finally, although Rule 12(c) does not mention leave to amend, courts have discretion both to grant a Rule 12(c) motion with leave to amend, and to simply grant dismissal of the action instead of entry of judgment."  Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citations omitted).

## II. DISCUSSION

### A. Requests for Judicial Notice

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Defendant Caliber asks that this Court take judicial notice of various documents relating to Plaintiffs' Property, all of which were "recorded in Official Records of Sonoma County."  ECF No. 48 at 2.  Because every document was recorded by Sonoma County, each is properly a matter of public record and subject to judicial notice: a deed of trust; two assignments of the deed of trust; a substitution of the trustee; two notices of default; a notice of rescission; two notices of trustee's sale; and a deed upon sale. The request for judicial notice of these documents is granted.

### B. Motion for Judgment on the Pleadings

Before addressing the merits of either of Plaintiffs' causes of action, Caliber argues that Plaintiffs lack standing because they failed to allege that they tendered the amount owed on the loan. ECF No. 47 at 9.  Caliber is correct that the tender rule can bar relief in some wrongful foreclosure cases.  Karlsen v. Am. Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971) ("A valid

3

and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.").  As this Court has previously explained, however, the tender rule is not absolute.  <u>Lundy v. Selene Fin., LP</u>, No. 15-CV-05676-JST, 2016 WL 1059423, at *6 (N.D. Cal. Mar. 17, 2016).  For example, there is a general equitable exception that "tender may not be required where it would be inequitable to do so."  <u>Onofrio v. Rice</u>, 55 Cal. App. 4th 413, 424 (1997); <u>see also</u> <u>Robinson v. Bank of Am.</u>, 12–CV–00494–RMW, 2012 WL 1932842, at *3 (N.D. Cal. May 29, 2012); <u>Bowe v. Am. Mortg. Network, Inc.</u>, CV 11–08381 DDP SHX, 2012 WL 2071759, at *2 (C.D. Cal. June 8, 2012); <u>Giannini v. American Home Mortg. Servicing, Inc.</u>, No. 11–04489 TEH, 2012 WL 298254, at *3 (N.D. Cal. Feb. 1, 2012).  Courts have used this exception when plaintiffs "are contesting not only irregularities in sale notice or procedure, but the validity of the foreclosure in the first place."  <u>Barrionuevo v. Chase Bank, N.A.</u>, 885 F. Supp. 2d 964, 969 (N.D. Cal. 2012); <u>see also</u> <u>Sacchi v. Mortgage Electronic Registration Systems, Inc.</u>, No. CV 11–1658 AHM, 2011 WL 2533029, at *9–10 (C.D. Cal. June 24, 2011) (requiring tender when "a home is about to be taken away through error or malfeasance . . . would permit entities to foreclose on properties with impunity").  A second application of the equitable exception provides that "the tender rule only applies in cases seeking to set aside a completed sale, rather than an action seeking to prevent a sale in the first place."  <u>Barrionuevo</u>, 885 F. Supp. 2d at 969; <u>see also</u>, <u>e.g.</u>, <u>Pfeifer v. Countrywide Home Loans, Inc.</u>, 211 Cal. App. 4th 1250, 1280 (2012).

Here, the sale of Plaintiffs' Property is complete, meaning the second basis for an equitable exception is not present.  The first, however, is relevant.  It would be "inequitable" apply the tender rule in Plaintiffs' case when they have alleged that they were unable to catch up on their mortgage payments due to Defendants' failure to release the $25,000.  This is not a case where Plaintiffs are simply contesting "irregularities in sale notice or procedure."  <u>Barrionuevo</u>, 885 F. Supp. 2d at 969.  Rather, the very "validity of the foreclosure in the first place" is at issue.  <u>Id.</u> Therefore, the Court will not apply the tender rule to bar Plaintiffs' suit.

On the merits, the Court disagrees with Caliber that Plaintiffs have failed to state a claim on which relief can be granted.  Plaintiffs ground their illegal trustee's sale claim in 1) multiple violations of the California Homeowner's Bill of Rights ("HBOR"), 2) California Civil Code §

1511, and 3) negligence.  Caliber fails to address each of these predicate violations.  And for those

violations to which Caliber does respond, Caliber in some cases misstates the law and in others

relies on facts that are contradicted by Plaintiffs' complaint.

Plaintiffs list numerous violations of the HBOR that they claim require setting aside the

trustee's sale of the Property: § 2923.6(b), § 2923.6(d), § 2923.6(f), and § 2924.3(3).  Section

2923(b) prohibits servicers[2] from "dual tracking," or pursuing foreclosure proceedings while a

loan modification is pending.  Caliber argues that this claim fails because Plaintiffs "admit that

they had been reviewed for a loan modification prior to January 1, 2013," which excuses servicers

from the obligation to review a borrower's modification requests.  ECF No. 49 at 7.  But Plaintiffs

never made that admission.  In fact, they claim to have "made vigorous and exhaustive attempts to

modify their loan" from "2013 to the present."  Compl. at ¶ 27.  There is no allegation that

Plaintiffs requested or were reviewed for a medication *before* 2013.  Moreover, Plaintiffs allege

that Caliber did not deny their modification request until October 14, 2015.  Id. at ¶ 26(a).  If, as

Plaintiffs allege, the trustee's sale occurred on October 23, 2015, id. at 24, then foreclosure

proceedings were occurring at the same time that Plaintiffs' loan modification was under review.

This would be a violation of § 2923.6(b).

Plaintiffs also claim violations of § 2923.6(d) and § 2923.6(f) of the HBOR.  Subsection

(d) provides that "If the borrower's application for a first lien loan modification is denied, the

borrower shall have at least 30 days from the date of the written denial to appeal the denial and to

provide evidence that the mortgage servicer's determination was in error."  Plaintiffs claim that

the trustee's sale occurred less than 30 days after the denial of their loan modification,

demonstrating that they were not given the statutorily required 30 days to appeal.  Compl. at ¶

26(a).  Caliber does not respond to this claim in its motion for judgment on the pleadings.  Nor

does Caliber address the alleged violation of § 2923.6(f).  That section requires that, when denying

a loan modification, a servicer must send a written notice that contains "instructions regarding

how to appeal the denial."  Plaintiffs allege that their denial notice contained no such warning.  Id.

---

[2] The HBOR generally applies to servicers and lenders, but the Court refers only to servicers here
because that was Caliber's role for Plaintiffs' loan.

Given Caliber's failure to address these alleged HBOR violations, judgment on the pleadings would be improper.

Finally, Plaintiffs allege that Caliber's violation of HBOR § 2924.3(3) supports their illegal sale claim. Specifically, Plaintiffs claim that they never received the requisite notice of trustee's sale because it was sent to the wrong address. Compl. at ¶ 26(b). Caliber's responses are unpersuasive. First, with no evidentiary support, Caliber states that "Plaintiffs were well aware their home had been in foreclosure proceedings for years and were certainly not blindsided by the foreclosure." ECF No. 49 at 13. This is a contested fact that cannot be resolved on a motion for judgment on the pleadings. Second, Caliber argues that "[a]ny failure to comply with the provisions of [§ 2924.3(3)] shall not affect the validity of a sale in favor of a bona fide purchaser or the rights of an encumbrancer for value and without notice." ECF No. 49 at 13. But this subsection of the statute relates to the failure to *record* the sale on the validity of the sale; it says nothing about the failure to give *notice* to the borrower whose property is being sold.

Caliber separately argues that any claim predicated on § 2923.6 (presumably, any subsection) fails because Plaintiffs have not demonstrated prejudice from the "procedural irregularity." ECF No. 49 at 7. Not so. Liberally construed, Plaintiffs' complaint alleges that due to these irregularities, they were unable to challenge Defendants' failure to release the $25,000 or the denial of their loan modification. Had they received the $25,000, Plaintiffs claim they could have brought their loan up to date. Caliber's prejudice argument therefore fails.

Next, Caliber argues that Civil Code § 1511 "does not apply" to Plaintiffs' facts because "Plaintiffs' nonperformance had already occurred in 2013 when the eminent domain funds were deposited for release." ECF No. 49 at 14. Caliber points to a notice of default it claims to have sent Plaintiffs in 2012, listing over $12,000 in past due payments. ECF No. 48-1 at 29. But Caliber sent a second notice in 2013, id. at 35, which implies that a payment in the interim period could have prevented the foreclosure. Plaintiffs claim they could have made that payment but for Defendants'[3] failure to release the $25,000. On these facts, Plaintiffs have adequately alleged a

---

[3] Caliber claims that Plaintiffs' complaint contains "no allegations . . . that Caliber had any knowledge of the eminent domain funds issue." ECF No. 49 at 8. This is incorrect. Plaintiffs alleged that "Chase and Caliber held up plaintiffs' interest in the $25,000.00 for approximately

United States District Court
Northern District of California

1    violation of § 1511.

2         Caliber also challenges Plaintiffs' negligence allegation.  Caliber claims that it is protected

3    by the rule that "a financial institution owes no duty of care to a borrower when the institution's

4    involvement in [a] loan transaction does not exceed the scope of its conventional role as a mere

5    lender of money."  Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1096

6    (1991).  Despite the apparent clarity of this rule, however, at least one federal district court

7    recently concluded that "whether a residential lender owes a duty of care to a borrower in

8    connection with a residential loan modification application is a subject on which the California

9    Courts of Appeal disagree."  Hernandez v. Select Portfolio, Inc., No. CV 15-01896 MMM AJWX,

10   2015 WL 3914741, at *21 (C.D. Cal. June 25, 2015).  The Court need not address this

11   disagreement, however, because here Caliber's role in Plaintiffs' loan arguably "exceed[ed] the

12   scope of its conventional role as a mere lender of money" when it refused to release the $25,000

13   due Plaintiffs from the eminent domain sale.  See id.

14        As Caliber itself argues, "Plaintiffs predicate their UCL claim on the same allegations and

15   theories" from their illegal trustee's sale claim.  ECF No. 49 at 15.  Because Plaintiffs illegal sale

16   claim is viable, so is their claim under the UCL.

                                  **CONCLUSION**

17        Defendant Caliber's Motion for Judgment on the Pleadings is denied.

18        IT IS SO ORDERED.

19   Dated: December 7, 2016

20                                          _____

21                                                  JON S. TIGAR
                                              United States District Judge
22

23

24

25

26

27

28   two (2) years" and that "Caliber continues to fail and refuse to sign off on plaintiffs' $25,000.00 to
     this day."  Compl. ¶ 26(e).  These allegations plausibly demonstrate Caliber's knowledge.

United States District Court
Northern District of California